SARAH JANE EVANS v. C. C. BOVA & COMPANY.

(Filed 25 November, 1964.)

**Trial § 35—**

Where defendant's answer denies any negligence on the part of his driver in connection with the accident complained of and his counsel throughout the trial so maintains, an instruction by the court in stating the evidence and in stating defendant's contentions that defendant did not controvert the question of negligence must be held for prejudicial error.

APPEAL by defendant from *Armstrong, J.,* 16 March Session 1964 of RICHMOND.

This is an action to recover damages sustained in an automobile accident occurring in the City of Rockingham, North Carolina, on 13 February 1962, at about 1:00 p.m. The plaintiff was the driver of an automobile which she alleged was stopped at a stop light at the intersection of U. S. Highway No. 74 and West Washington Street. The defendant was the owner of a 1961 Diamond Tractor-Trailer Unit which was at said time being operated by his agent and employee, Emanuel Gilbert Smith.

It was stipulated below that defendant C. C. Bova & Company was a sole proprietorship, owned and operated by C. C. Bova.

Plaintiff alleges that her car was struck from behind while she was stopped for a traffic signal. Defendant in his answer denied that the accident occurred while plaintiff's car was stopped for the traffic signal to change, but that the plaintiff negligently and carelessly stopped her

automobile in the middle of the intersection, without giving any signal or warning whatsoever, after having started from a complete stop; that said stop was made after she had traveled approximately 20 feet; that the stop was made at such time as to render a collision between the front of the tractor-trailer unit and the rear of plaintiff's automobile completely unavoidable.

Defendant offered no evidence.

From a verdict in favor of plaintiff and judgment entered on the verdict, the defendant appeals, assigning error.

*Webb & Lee for plaintiff appellee.*
*Leath, Bynum, Blount & Hinson for defendant appellant.*

PER CURIAM.   The defendant assigns as error the following portion of the court's charge: "Now, members of the jury, in this case there is no real serious controversy about this first issue."

Since the defendant in his answer expressly denied any negligence on the part of his driver in connection with the accident complained of, and the record nowhere discloses any concession of negligence on the part of the defendant or his driver, we think the above portion of the charge was erroneous.

The issue of negligence was not only sharply contradicted in defendant's pleadings, but also by his counsel throughout the course of the trial.

A reading of the entire charge clearly conveys the impression that the court assumed that the defendant's driver was negligent, and virtually so charged the jury.

In *S. v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568, Stacy, C.J., speaking for the Court, said: "It can make no difference in what way or manner or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, by comment on the testimony of a witness, by arraying the evidence unequally in the charge, by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone or tenor of the trial. The statute forbids any intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury."

In stating the defendant's contentions, the Court said: "* * * (T)he defendant says and contends that while he denied such negligence in his answer, he does not now seriously contend that Mr. Smith was not negligent, and that if you find that this negligence was the proximate cause of this collision and any injuries that the plaintiff sustained from

the collision, then you may answer this issue YES"; and again, "the defendant says and contends that probably you should * * * find that his agent, Smith, did run into this car negligently, thereby failing to keep a reasonable lookout, and having his truck under proper control * * *." Exceptions by defendant.

The defendant is entitled to a new trial and it is so ordered.

New trial.